**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

EULA ANDERSON,                               Case No. 1:12-cv-974

       Plaintiff,                                   Dlott, J
                                                        Bowman, M.J.
      v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**REPORT AND RECOMMENDATION**

**I.    Background**

On May 23, 2014, Plaintiff, through counsel, filed a motion seeking an award of $3,707.50 in attorney's fees and expenses, pursuant to the Equal Access for Justice Act, 28 U.S.C. §2412 *et seq*. The United States has declined to file any response in opposition to Plaintiff's motion.

**II.    Analysis**

The undersigned has carefully reviewed Plaintiff's fee petition under the Equal Access for Justice Act. Pursuant to that statute, the Plaintiff is a prevailing party and is entitled attorney's fees because the position of the United States was not substantially justified. 28 U.S.C. §2412(d)(1)(A). "[A] party who wins a sentence-four remand order is a prevailing party" for purposes of a fees and costs award under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-02, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (citing *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 791–92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)).

Additionally, the motion appears to have been filed within thirty (30) days after the judgment of this court became final and non-appealable and therefore it is timely filed. The number of hours expended (19.75) is reasonable. In order to determine the total award then, the court must determine the hourly rate to be used as a multiplier.

The EAJA states that the amount of attorney fees "shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). A plaintiff seeking a higher hourly rate bears the burden of producing appropriate evidence to support the request increase. *Bryant v. Commissioner of Soc. Sec.* 578 F.3d 443, 450 (6th Cir. 2009). A plaintiff must "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984).

Here, Plaintiff seeks compensation at an hourly rate of $170.00 per hour. In support of the higher rate, counsel has submitted her own affidavit, a survey of Cincinnati average billing rates from 1998, a 2007 news article reporting nationwide median hourly billing rates, and a 2004 survey of Cincinnati hourly billing rates.  Plaintiff additionally cites to the Consumer Price Index (providing an electronic link to the same), in calculating inflation from 1996 (date Congress last updated hourly rate) to 2014. Using March 2014 as the relevant date, since that was the last month in which counsel performed work in this case, Plaintiff points out that a formula previously used by now-retired Magistrate Judge Hogan would result in an hourly rate of $199.46.  Plaintiff

argues that the requested rate of $170.00 per hour is well below that of the prevailing rate in the city.

In light of the reasonableness of the rate sought when comparing lawyers of reasonably comparable skill, experience, and reputation and the fact that the fee petition is uncontested, the undersigned finds the evidence submitted to be adequate support for the requested $170.00 per hour. Therefore, the Plaintiff is entitled to a fee award under the EAJA of $3,707.50 (19.5 hours x $170.00 per hour + $350.00 in costs and expenses).

The Supreme Court has held that because the fee belongs to the Plaintiff and not to counsel, the United States is entitled to an offset in the event that a claimant owes a debt to the United States. *See Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).  Whether Plaintiff owes a federal debt can be definitively determined only by the United States at the time payment is made. And, although an assignment of a fee award by a plaintiff to his or her attorney is common, counsel has not indicated whether Plaintiff has executed an assignment of any fee award in this particular case.

Regardless, consistent with the most recent R&R's by the undersigned concerning EAJA fees, and consistent with the growing consensus of courts within the Sixth Circuit interpreting *Ratliff*, the undersigned will "award fees directly to Plaintiff and remain silent as to the direction of those fees." *Accord Oliver v. Com'r of Soc. Sec.*, 916 F.Supp.2d 834, 836-838 (S.D. Ohio 2013)(collecting cases and quoting *Cornell v. Com'r of Soc. Sec.*, 2:11-cv-97, 2012 U.S. Dist. LEXIS 6115, at *6-7 (S.D. Ohio May 2, 2012)); *see also Cox v. Astrue*, 917 F. Supp.2d 659 (E.D. Ky. 2013)(holding that under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), fees should be paid to litigants regardless of whether

the Commissioner shows that the plaintiff owes a federal debt or not); *see also Short v. Com'r of Soc. Sec.*, Civil Case No. 1:12-cv-574-SJD (Docs. 18, 19, R&R concerning EAJA stipulated fee award filed on December 2, 2013 and adopted on December 6, 2013).

### III.     Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Plaintiff's motion for attorney's fees be **GRANTED** and that Plaintiff be awarded fees and expenses in the amount of $3,707.50.

*/s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

EULA ANDERSON,                                                   Case No. 1:12-cv-974

      Plaintiff,                                                    Dlott, J
                                                                 Bowman, M.J.
  v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with the procedure may forfeit rights on appeal. *See Thomas v. Am,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).